Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and Putative Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN STAMPLER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>FITNESS 19 CA 283, LLC,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1. Martin Stampler ("Plaintiff") brings this class action against Fitness 19 CA 283, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing voice message or text

message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Ventura County, California.

4. Defendant is a limited liability company that is headquartered in Camarillo, Ventura County, California.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over the Defendant and venue is proper because Defendant resides in this District.

## PLAINTIFF'S ALLEGATIONS

7. Plaintiff is, and has been for many years, the regular and sole user of his cellular telephone number—(818) XXX-XXXX.

8. Plaintiff uses, and at all times used, telephone number (818) XXX-XXXX as his personal residential telephone number.

9. Plaintiff does not use, and at no time used, telephone number (818) XXX-XXXX for business or commercial purposes.

10. Plaintiff registered telephone number (818) XXX-XXXX with the DNC Registry on August 7, 2008.

11. In March 2026, Defendant began calling and texting Plaintiff.

12. Starting on March 30 through the filing of this complaint, Defendant called Plaintiff at least eighteen times.

13. All of the calls came from telephone number (805) 389-9119.

14. Defendant left voicemails for Plaintiff on each of the calls, all of which advertised and promoted the Defendant's gym, by offering memberships and fitness classes.

15. For example, on May 8, 2026, Defendant left Plaintiff the following voicemail:

> Hey Martin, this is Aiden over at Fitness 19 in Camarillo and I just wanted to let you know that we're offering a sale where you can take advantage of $0 down up to 45 days free and free nutrition advice. So if you're looking to join, please give us a call back as soon as possible and we'll be happy to help.

16. On March 30, 2026, Defendant also began texting Plaintiff from telephone number (805) 842-0842.

17. Plaintiff responded to Defendant's initial text message asking for more information.

18. Defendant then proceeded to text Plaintiff seven more times on March 31, April 1, April 4, April 6, April 8, April 9, and April 10, until Plaintiff sent a "stop" message.

19. Defendant continued to call Plaintiff, however, through the filing of this complaint.

20. The same offerings were made to the Plaintiff through voicemails as recently as May 8 and 12, 2026.

21. This is more than 30 days after the Plaintiff texted a "stop" message to the Defendant.

22. Defendant delivered, or caused to be delivered, the subject voice messages and text messages to telephone number (818) XXX-XXXX thirty-one or more days after Plaintiff registered the telephone number the DNC Registry.

23. The subject voice messages and text messages were intended for someone other than, and unknown to, Plaintiff.

24. The purpose of the subject voice messages and text messages was to advertise and market Defendant's business, services, goods, and promotions.

25. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing voice messages or text messages to telephone number (818) XXX-XXXX.

26. Plaintiff suffered actual harm as a result of the subject voice messages and text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

27. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (818) XXX-XXXX was registered with the DNC Registry on and after August 8, 2008.

## CLASS ALLEGATIONS

28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

29. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All persons throughout the United States (1) to whom Defendant delivered or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty-one days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

30. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

31. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

32. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

33. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing voice messages and text messages;

b. Defendant's practice of delivering, or causing to be delivered, voice messages and text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty-one days;

c. Defendant's violations of the TCPA; and

d. The availability of statutory penalties.

35. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

36. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**<u>COUNT I</u>**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be

residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

39. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

42. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone

subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation voice message or text message in a 12-month period, at least thirty-one days after Plaintiff and class members registered their telephone numbers on the DNC Registry, in violation of 47 C.F.R. § 64.1200.

45. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E. Attorneys' fees and costs, as permitted by law; and

F. Such other or further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff Stampler requests a jury trial.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 15th day of May, 2026.

By: */s/ Rachel E. Kaufman*

Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*